989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Vincent Maurice JOHNSON, Defendant-Appellant.
 No. 91-5689.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 4, 1992
Decided: March 15, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-91-83-G)
 Susan M. Dasch, Newtown, Pennsylvania, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Vincent Maurice Johnson was convicted by a jury of conspiracy to possess cocaine and crack cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1988). He challenges the sufficiency of the evidence used to convict him and also contends that the district court plainly erred in instructing the jury, in permitting his joint trial with a fugitive co-defendant, and in calculating his criminal history. Finally, he maintains that the district court's failure to award him a reduction for acceptance of responsibility was clearly erroneous. We affirm Johnson's conviction but vacate his sentence.
 
 
 2
 The testimony of co-defendants Robert Watts and Jessie Johnson (no relation to Appellant) established that Vincent Johnson was a cocaine dealer for whom both Watts and Jessie Johnson sold drugs at various times in Greensboro, North Carolina. The indictment alleged that Johnson also conspired with Jamie Maurice Williams, another drug dealer for whom Watts also sold drugs in a different area of town. There was little evidence that Johnson acted in concert with Williams toward a common goal, and Johnson argues on appeal that the government only succeeded in proving two conspiracies rather than the one charged. If two alleged co-conspirators have different goals, even if both are unlawful, there is no conspiracy. United States v. Giunta, 925 F.2d 758 (4th Cir. 1991). However, the jury had before it evidence that connected Johnson with Williams on two occasions.
 
 
 3
 Williams had a source in New York who regularly sent him packages of cocaine by express mail. In late March 1991, a package was sent to a vacant apartment in Greensboro. Watts and Vincent Johnson drove to the apartment in Johnson's car to see if it had arrived. On the way there, Johnson suggested that Watts give the package to him to sell without telling Williams about it. Watts testified that Johnson had made the same suggestion before, but there was no indication that he had ever followed it, and he testified that he did not plan to follow it that day. Because it does not appear that he had any realistic expectation of obtaining the cocaine for himself, in taking Watts to get the package Johnson was actively furthering the aims of Williams' drug operation. This slight connection is enough to establish Johnson's participation in the conspiracy. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S. 1992).
 
 
 4
 Watts later drove Jessie Johnson to the post office and made her try to pick up the same package, which resulted in her arrest. When Vincent Johnson learned of her arrest he feared she might reveal what she knew about his drug activities and tried unsuccessfully to convince Williams to contribute money for her bail. Although Williams refused, Watts testified that later Vincent Johnson and Williams together got rid of the car Watts had used to drive her to the post office. According to Watts, they "made arrangements through one of Vincent's mechanics ... to have that car towed and destroyed, which they arranged and they paid the guy money to do that for them." Watts did not say why Williams and Johnson had the car destroyed. However, a fair inference is that they did it to eliminate a link between either of them and Jessie Johnson's receipt of the package of cocaine. The evidence thus showed that they agreed on that occasion to work together for the common goal of protecting their drug operations. A verdict is supported by sufficient evidence if, viewed in the light most favorable to the prosecution, any reasonable jury could have found the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942). Reviewed under this standard, the evidence was sufficient to convict Johnson of conspiring with Williams as well as with Watts and Jessie Johnson. Because Johnson made no motion for severance at trial and made no objection to the jury instructions, we review these issues for plain error and find that none occurred.
 
 
 5
 Although Johnson admitted participation in the offense during his presentence interview with the probation officer, the district court denied him a reduction under guideline section 3E1.1.* The court relied on application note 2 to section 3E1.1, which states that the reduction is not intended for a defendant who goes to trial denying his factual guilt and only admits guilt after his conviction. The exception set out in the commentary for a defendant who goes to trial solely to preserve a constitutional issue or to challenge the statute's applicability does not apply here. We cannot say that the district court's decision was clearly erroneous.
 
 
 6
 Johnson argues and the government concedes that Johnson was incorrectly given a criminal history point for a 1987 misdemeanor bad check conviction for which he was only required to pay restitution and court costs. Under guideline section 4A1.2(c)(1), a prior sentence for an insufficient funds check is counted only if a term of probation or imprisonment is given or the prior offense is similar to the instant offense. Johnson did not object to the computation of his criminal history in the district court. A defendant's failure to object to a sentencing issue normally amounts to a waiver of his right to raise the issue on appeal. United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992). However the rule is not inflexible and may be relaxed to prevent manifest injustice or the infringement of fundamental rights. Id.; see also United States v. Young, 470 U.S. 1, 15 (1985). Plain error in the sentencing context is error "so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings." United States v. Fant, 974 F.2d 559 (4th Cir. 1992).
 
 
 7
 Deduction of one criminal history point would reduce Johnson's criminal history from category III to category II and lower his guideline range from 188-235 to 168-210. The government argues that the error was harmless because the 204-month sentence imposed is within the overlap of the ranges and, in its view, the district court would have imposed the same sentence using the correct guide line range. However, this Court has previously held that resentencing is required when a sentence has been imposed using an incorrectly calculated range even though the sentence imposed is within the overlap of the range which should have been used because the court might impose a different sentence when using the correct range. United States v. McCrary, 887 F.2d 485 (4th Cir. 1989). Because the error Johnson belatedly discovered is an obvious and mechanical mistake in applying the guidelines and affected the guideline range, we find that it constituted plain error requiring resentencing. See United States v. Davis, 954 F.2d at 187.
 
 
 8
 We therefore affirm Johnson's conviction, but vacate his sentence and remand the case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1990). Johnson was sentenced in September 1991